S05Y1196, S05Y1197, S05Y1198, S05Y1199, S05Y1200, S05Y1201, S05Y1289. IN THE MATTER OF MILTON D. ROWAN (seven cases).

(619 SE2d 675)

Per curiam.

These cases are before the Court on the Notices of Discipline filed by the State Bar in which it charges Respondent Milton D. Rowan with violating Rules 1.1, 1.2, 1.3, 1.4, 1.15, 1.16, 2.1, 3.2, 8.4, and 9.3 of Bar Rule 4-102 (d). Rowan was personally served with the Notices of Discipline and failed to file a rejection within 30 days. Therefore, he is in default, has no right to an evidentiary hearing, and is subject to discipline by this Court, see Bar Rules 4-208.1 (b); 4-208.3.

In Case No. S05Y1196 Rowan was paid $5,000 to file a civil action, which was set for arbitration in June 2001. The day before arbitration, Rowan's assistant told the client that the proceeding had been postponed and the client did not hear from Rowan again until April 2003, at which time he discovered that Rowan dismissed the case on June 4, 2001. In May 2003 Rowan sent the client a copy of a renewal he filed, but in November 2003 the client learned that Rowan had dismissed the case in October 2003. Rowan told the client that he had filed the case in federal court. After being unable to reach Rowan, the client terminated representation in February 2004. In March 2004, Rowan met with the client and gave him a copy of a complaint with no filing stamp. Rowan states that he thought his former assistant had filed the complaint and when he realized it had not been filed, Rowan filed it in May 2004. Due to his default in this matter, Rowan admits to violating Rules 1.3, 1.4, 1.16, 8.4, and 9.3.

In Case No. S05Y1197, Rowan advised his client that he had filed documents on the client's behalf and that he would file a case for the client. In 2002 and 2003 Rowan discussed discovery matters with the client and informed the client that he would seek summary judgment. From January 2004 to June 2004, the client was unable to communicate directly with Rowan but received messages from Rowan that there was no change in the case's status. After the client filed a

grievance in May 2004, Rowan met with him and admitted he had not filed the client's case, but requested that the client withdraw the grievance. Rowan's conduct in this case violated Rules 1.1, 1.2, 1.3, 1.4, 3.2, 8.4, and 9.3.

In Case No. S05Y1198, a client retained Rowan in a civil matter in November 2001. Although Rowan filed a complaint, he did not speak with the client at any time during 2003. In January 2004, the client spoke with Rowan on the telephone and Rowan told his client that he had not heard anything about the case. That was the last communication the client had from Rowan and in June 2004, the client discovered that Rowan's phone number had been disconnected and that Rowan had moved his office. The client went to the courthouse and learned that an order on summary judgment had been entered for the defendant in June 2003 and that he had been ordered to pay costs of $11,280.72. In this case Rowan is deemed to have violated Rules 1.3, 1.4, 2.1, 3.2, 8.4, and 9.3.

In Case No. S05Y1199, Rowan represented a client in the U. S. District Court for the Northern District of Alabama and entered into an agreement with a third party that the party would advance funds for the litigation and then would be entitled to a percentage of the proceeds or other recovery. The party paid Rowan $35,000 and Rowan repeatedly told him that the case had been delayed for various reasons. The case was dismissed in August 2002 because the parties settled. Rowan told the third party that the settlement meant the case would have to be re-filed and was still active, then he stopped communicating with the party, who filed the grievance in this matter in which Rowan violated Rules 1.2, 1.3, 1.4, 1.15, 3.2, 8.4, and 9.3.

In Case No. S05Y1200, a client hired Rowan to represent him in recovering disability benefits. After the client refused to accept a settlement, Rowan filed a civil action in July 2002, but did not communicate with the client adequately, and not at all since May 2004. In October 2003 summary judgment was granted in favor of the defendants and the client was ordered to pay costs. The client found out from the court that the case closed in November 2003. Here, Rowan is deemed to have violated Rules 1.3, 1.4, 3.2, 8.4, and 9.3.

A client retained Rowan in Case No. S05Y1201, and paid him a $150 filing fee. The client has been unable to reach Rowan. The last time they spoke Rowan told the client the case had been filed and he was sending an affidavit for the client to review, but the affidavit never arrived. The client contacted the clerk's office and learned that no case had been filed. By his conduct in this matter, Rowan violated Rules 1.3, 1.4, 1.16, 3.2, 8.4, and 9.3.

In Case No. S05Y1289 Rowan was retained to represent a client in an insurance case and, although he began negotiating a settlement, Rowan did not communicate with the client despite the client's

attempts to reach him. The client subsequently learned that Rowan had settled the case for $70,000 and forged the client's signature on the agreement and check, but did not forward any of the funds to the client.

We agree with the State Bar that disbarment is the appropriate sanction in these matters and note in aggravation that Rowan has multiple disciplinary actions pending against him. In addition, Rowan received an Investigative Panel reprimand in August 2001 and his current status with the Bar is "Suspended for Non-compliance with Continuing Legal Education Requirements." Based on the foregoing, we hereby order the name of Milton D. Rowan to be removed from the rolls of attorneys licensed to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED SEPTEMBER 19, 2005.

*William P. Smith III, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar,* for State Bar of Georgia.